MARTIN, GUNN & MARTIN, P.A.
William J. Martin, Esquire
Attorney ID No. 047941988
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| L.D., an infant by his mother J.D. and J.D. Individually<br><br>Plaintiff(s)<br><br>vs.<br><br>ROWAN UNIVERSITY, C.Q. minor, R.Q. minor, JOHN DOES 1-30, and ABC CORPORATIONS 1-30<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT, CERTIFICATION PURSUANT TO R. 1:38-7(c), CERTIFICATION PURSUANT TO R. 4:5-1, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR A JURY TRIAL.** |

## PARTIES

1. Plaintiff L.D. is a minor and resident of Woolwich, New Jersey.

2. Plaintiff J.D. is the mother of Plaintiff L.D. and a resident of Woolwich, New Jersey.

3. Rowan University is a Public university of higher education in New Jersey which maintains its primary operations at 201 Mullica Hill Road, Glassboro, New Jersey 08028.

4. Defendant, C.Q. is a minor who attended Rowan University "Kids Rule Summer Day Camp.

5. Defendant, R.Q. is a minor who attended Rowan University "Kids Rule Summer Day Camp."

6. Defendants, John Does 1-30 are fictitious persons whose true names are not known at this

1

time, and as such, Plaintiffs will seek leave to amend the complaint to state the true names and capacities of the fictitious named Defendants when they have been ascertained.

7. ABC Corporations 1-30 are fictitious entities whose true names are not known at this time, and as such, Plaintiffs will seek leave to amend the complaint to state the true names and capacities of the fictitious named Defendants when they have been ascertained.

## COUNT I

## NEGLIGENCE

8. Plaintiff L.D. attended the Rowan University's Kids Rule Summer Day Camp in the years of 2014 and 2015.

9. In 2015 Plaintiff L.D. began camp on June 23.

10. On June 26, 2015, in the first week of camp, Plaintiff L.D. bumped heads with another individual present at the Kids Rule Summer Day Camp.

11. On the same day J.D., L.D.'s mother, was informed via telephone that L.D. had bumped heads with another individual at camp.

12. On July 1, 2015 Plaintiff L.D. was inappropriately touched in his private area by two day camp students Defendant C.Q. and Defendant R.Q.

13. The management, counselors, and employees of the Defendant Rowan's Kid's Rule Summer Camp observed or were made aware of the inappropriate touching on the same date as its occurrence.

14. Plaintiff L.D. complained to Rowan University employees about the inappropriate touching by both Defendant C.Q. and Defendant R.Q.

15. Despite their knowledge of the inappropriate touching, Defendant Rowan University, by and through its employees and management did not report the misconduct to the State of New Jersey, Department of Children and Families as mandated by state law.

16. Defendants C.Q. and R.Q. were not punished, reprimanded, or reported for the incident in 2015.

17. Plaintiff L.D. complained to Plaintiff J.D. about the inappropriate touching.

18. Plaintiff J.D. thereafter called Defendant Rowan University to complain and demand that the matter be reported to the State of New Jersey, Department of Children and Families and investigated by Defendant.

19. Only after Plaintiff J.D. made this demand did Defendant Rowan University report the suspected child abuse and misconduct to State of New Jersey, Department of Children and Families.

20. Thereafter, on July 21, 2015, Defendant Rowan by and through its employees, wrongfully alleged that Plaintiff L.D. was bullying another child at the camp.

21. When Defendant, asked to elaborate about the bullying incident, Plaintiff J.D. was informed that it was verbal in nature and that the bullied child was not able to describe what was said.

22. Plaintiff L.D. was forced to spend the remainder of the day with two counselors and was to be suspended for two days without justification, in retaliation for Plaintiff's complaint that L.D. was subjected to child abuse.

23. Plaintiff J.D. did not bring her son back to the camp on July 23, 2015 although he was permitted to return.

24. Despite this return date, no member of the Defendant Rowan University Kids Rule Day

Camp, called to inquire about the whereabouts and well-being of Plaintiff L.D.

25. On July 25, 2015, Plaintiff J.D. dropped off a letter to the Rowan University Kids Rule Summer Day Camp withdrawing her children from the program because of the unreported child abuse and retaliation.

26. The investigation of Plaintiff L.D's alleged child abuse disclosed that a similar incident of misconduct occurred in the year before, 2014, wherein L.D. was also inappropriately touched on his penis by another camper.

27. Defendant Rowan was aware of this occurrence as a staff member of the camp, Miss Tiana, observed the incident.

28. However, Plaintiff J.D. was not informed of the suspected child abuse in 2014 of her son L.D.

29. The 2014 child abuse and misconduct was not reported to State of New Jersey, Department of Children and Families, but was instead hidden from Plaintiffs.

30. Defendant, Rowan University failed to take immediate and effective measures to stop the child abuse and misconduct against the Plaintiff L.D. and instead made efforts to conceal the misconduct.

31. Defendant Rowan was negligent, careless, and/or reckless by including but not limited to the following:

    a. Recklessly Disregarding the rights a safety of Plaintiffs;

    b. Failure to immediately report child sexual abuse and battery to the police or Plaintiff L.D.'s family;

    c. Failure to immediately report child sexual abuse and battery to the State of New Jersey, Department of Children and Families;

4

    d. Negligently or recklessly, allowing the perpetrators to remain in the camp and allow them to have close contact with Plaintiff L.D. throughout the remainder of his stay at the camp;

    e. Unevenly applying policies and creating an environment where victims of sexual abuse are punished;

    f. Retaliation against Plaintiffs for reporting suspected child abuse while under the camps care.

32. As a result of the abuse incidents, Plaintiff L.D. sustained severe, serious and grievous emotional distress resulting in physical manifestations.

33. As a result of the incidents, Plaintiff J.D. has expended and continues to expend sums for medical treatment and may, in the future be required to expend additional sums to treat and cure their injuries.

34. As a further result of the incidents, Plaintiffs L.D. and J.D. may suffer severe losses in their present and future earning capacity.

35. As a direct and reasonable result of this accident Plaintiffs L.D. and J.D will in the future suffer great pain and suffering, discomfort, embarrassment, mental anguish and their ability to enjoy the pleasures of life and will in the future be interrupted and impaired.

36. As a direct and reasonable result of this accident, Plaintiff have or may hereafter incur other financial expenses or losses which do or may exceed amounts which may otherwise be entitled to recover.

**WHEREFORE**, the plaintiffs demand judgment against defendants jointly and severally, for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, such other relief as the Court deems equitable and just.

## COUNT II

### Violation of Title IX

37. Plaintiffs L.D and J.D. incorporate paragraphs one (1) through thirty-five (35) by reference with the with the same force and effect as if set forth herein at length.

38. Defendant Rowan University accepts federal funds, and therefore is subject to Title IX of Education Amendments of 1972, § 20 U.S.C. 1681 et seq.

39. Defendant Rowan University's Kid's Rule Summer Camp has counselors to assist students who are in need of attention, guidance, and assistance.

40. After Plaintiff was injured on July 1, 2015, by Defendants C.Q. and R.Q., the incident was reported to counselors of the summer camp employed by Rowan University.

41. None of the counselors reported it to the administration, the police, or the State of New Jersey, Department of Children and Families.

42. Only after Plaintiff J.D. learned of the child sexual abuse and misconduct and demanded that the misconduct be reported did Defendant Rowan University acknowledge the misconduct.

43. Defendant Rowan University took no action to reprimand Defendants C.Q. and R.Q. nor did they make any meaningful attempt to separate the Defendants C.Q and R.Q. from Plaintiff L.D.

44. Instead Defendant Rowan University engaged in a campaign to punish and seek to remove L.D. from the program.

45. On July 21, 2015 Defendant alleged that Plaintiff L.D. was bullying another child at the camp.

46. When asked to elaborate about the bullying incident by Plaintiff J.D., she was informed

that it was verbal in nature and that the bullied child was not able to describe what was said.

47. Plaintiff L.D. was forced to spend the remainder of the day with two counselors and was to be suspended for two days without justification and on retaliation.

48. As a result of the retaliation and sexual abuse Plaintiff, J.D. did not bring her son back to the camp on July 23, 2015.

49. No member of the Rowan University Kids Rule Camp, called to inquire about the whereabouts and wellbeing of Plaintiff L.D.

50. On July 25, 2015, Plaintiff J.D. dropped off a letter to the Rowan University Kids Rule Summer Camp withdrawing her children from the program as a result of the abuse and misconduct.

51. The subsequent investigation revealed that a similar sexual abuse incident occurred in the year before, in 2014, wherein L.D. was also inappropriately touched on his penis by another camper.

52. Defendant Rowan University was aware of this occurrence as a staff member of the camp, Miss Tiana, observed the incident.

53. Plaintiff J.D., Plaintiff L.D.'s parent was not informed of the child sexual abuse and misconduct.

54. The suspected child sexual abuse was not reported to State of New Jersey, Department of Children and Families but was instead hidden.

55. Defendant Rowan University failed to take immediate and effective measures to stop the child sexual abuse and misconduct against the L.D. and instead made efforts to conceal the misconduct.

7

56. Defendant Rowan University had actual knowledge of the sexual abuse and misconduct by C.Q. and R.Q., and was deliberately indifferent and failed to take immediate and effective corrective action to adequately respond to sexual harassment of Plaintiff, in violation of Title IX, 20 U.S.C. §1681 et seq.

57. As a result of the incidents Plaintiff L.D. sustained severe, serious and grievous emotional distress resulting in physical manifestations.

58. As a result of the incidents, Plaintiffs J.D. has expended and continues to expend sums for medical treatment and may, in the future be required to expend additional sums to treat and cure their injuries.

59. As a further result of the incidents, Plaintiffs, may suffer severe losses in their present and future earning capacity.

60. As a direct and reasonable result of this accident Plaintiffs, L.D. and J.D will in the future suffer great pain and suffering, discomfort, embarrassment, mental anguish and their ability to enjoy the pleasures of life and will in the future be interrupted and impaired.

61. As a direct and reasonable result of this accident, Plaintiff have or may hereafter incur other financial expenses or losses which do or may exceed amounts which may otherwise be entitled to recover.

**WHEREFORE**, the plaintiffs demand judgment against defendants jointly and severally, for compensatory damages, punitive damages, interest, cost of suit, attorney's fees, such other relief as the Court deems equitable and just.

## CERTIFICATION PURSUANT TO RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. The matter in controversy is not the subject matter of any other action pending in any Court or of a pending arbitration proceeding.

2. Another action or arbitration proceeding is not contemplated.

3. The names and addresses of any other party who should be joined in the action are: None.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE BE NOTIFIED** that pursuant to Rule 4:25-4, William J. Martin, Esquire is hereby designated a trial counsel in the above-captioned litigation on behalf of the firm of Martin, Gunn & Martin, P.A.

## JURY DEMAND

**DEMAND** is hereby made for a trial by jury as to all issues.

MARTIN, GUNN & MARTIN, P.A.
Attorneys for Plaintiff

Dated: 10/11/18

By: _____
WILLIAM J. MARTIN

9

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-001158-18**

**Case Caption:** D. L.  VS ROWAN UNIVERSITY
**Case Initiation Date:** 10/11/2018
**Attorney Name:** WILLIAM J MARTIN
**Firm Name:** MARTIN GUNN & MARTIN
**Address:** 216 HADDON AVE STE 420 PO BOX 358 WESTMONT NJ 08108
**Phone:**
**Name of Party:** PLAINTIFF : D., L.
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>10/11/2018</u>                                                                                                                    /s/ WILLIAM J MARTIN
Dated                                                                                                                                              Signed